O’NIELL, X
Plaintiff appeals from a judgment rejecting her demand for damages for personal injuries. The action is founded upon the provisions of the Civil Code declaring a landlord liable in damages for injuries suffered by his tenant in consequence of the landlord’s neglect to keep the leased premises in repair. Plaintiff fell from the front steps of a cottage which she was occupying as lessee from defendants, and injured her shoulder. She alleges, as the cause of her falling, that the step or board on which she was standing slipped outward about three inches from the upright board. The acciaent happened at 5:45 a. m., before dajdight. Plaintiff was leaving her home, intending to take a train for Gulfport, Miss., to visit her daughter. She had closed the front door of her house and was closing the outside blinds or lattice doors, at the time of the accident. The accident did not immediately cause plaintiff much pain, and, not realizing that she was seriously hurt, she continued on her journey to Gulfport, without having-inform'ed any one of the accident. As no one else witnessed the accident, plaintiff’s testimony, as to how it happened, is not corroborated by any evidence whatever. On the contrary, it is contradicted by the testimony -of the carpenter, who attended to the repairs of all of the buildings owned by defendants. He had repaired the steps in question a few days before the accident, and testified that the steps were then nailed securely in place. Mrs. Rachou had instructed him to put a new stringer under the steps, and he returned to the premises for that purpose an hour and a quarter after the accident had occurred. He testified that he then found the steps in place and securely nailed, as he had left them, and that he did not observe any evidence that an accident had happened. The fact that the steps needed a new stringer (which we understand is one of the two main supports extending from the ground to the wall) had nothing to do with the accident, because it is not pretended that either of the' stringers or main supports under the steps gave way or let _down.
The case is one in which plaintiff has failed to establish her claim by a preponderance of evidence. We have no reason to doubt the veracity of either the plaintiff or the carpenter who testified in this case. Her statements appear to have been so frank and candid that we are convinced that, she was not prevaricating, but simply mistaken about the cause of the accident. Considering that she was perhaps moving hurriedly, and in darkness, likely apprehensive that she might miss her train, and considering that she was a very large woman, weighing 248 pounds, and performing the awkward task of closing the blinds, which opened towards her, it is not improbable that she missed her footing or slipped from the step, without displacing it and without realizing how it all happened. Be that as it may, if plaintiff is 'unfortunate in not having had a witness to corroborate her statement that the step itself slipped, it is because of her neglect to call either of her two grown sons, who were then asleep in the house.
The judgment appealed from is affirmed.
DAWKINS, X, takes no part.